NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**LOUIS A. GAETA,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2016-1812

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-3628, Judge Mary J. Schoelen.

———————————

Decided: April 10, 2017

———————————

SANDRA E. BOOTH, Columbus, OH, argued for claimant-appellant.

ALEXANDER ORLANDO CANIZARES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; BRIAN D. GRIFFIN, BRANDON A. JONAS, Office of General Counsel,

United States Department of Veterans Affairs, Washington, DC.

————————————

Before WALLACH, TARANTO, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

Louis A. Gaeta appeals from the final decision of the United States Court of Appeals for Veterans Claims affirming the decision of the Board of Veterans Appeals that there was no clear and unmistakable error in a 1994 rating decision denying Mr. Gaeta's entitlement to service connection for a nervous condition. *Gaeta v. McDonald*, No. 14-3628, 2015 WL 7077240 (Vet. App. Nov. 13, 2015). Because Mr. Gaeta fails to present a question within our jurisdiction, we dismiss.

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation relied on by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). Unless a constitutional issue is presented, we have no jurisdiction to review questions of fact or the application of a law or regulation to a particular set of facts. *Id.* § 7292(d)(2).

On appeal, Mr. Gaeta argues that the Veterans Court misinterpreted 38 U.S.C. § 1111 and 38 C.F.R. § 3.304(b), which establish a presumption that a veteran was in sound condition when he entered service. Specifically, Mr. Gaeta contends that the evidence relied on by the Veterans Court is insufficient to constitute a "noting" of a defect, infirmity, or disorder under the statute or regulation. While he couches his argument as a challenge to the Veterans Court's interpretation of a statute and regulation, Mr. Gaeta is actually challenging the Veterans Court's factual finding that the evidence of record was adequate to rebut the presumption of soundness. Because

we may not review a challenge to a factual determination or a challenge to the application of law to facts, *see* 38 U.S.C. § 7292(d)(2), we dismiss Mr. Gaeta's appeal for lack of jurisdiction.

We have considered Mr. Gaeta's other arguments and find them equally ineffective in invoking the jurisdiction of this court. Accordingly, we dismiss Mr. Gaeta's appeal for lack of jurisdiction.

## DISMISSED

COSTS

No costs.